AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| | | |
|---|---|---|
| ANTOINE CLARK | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* SOUTHEATERN PENNSYLVANIA TRANSPORTATION AUTHORITY (SEPTA)
1234 MARKET STREET
PHILADELPHIA, PA 19107

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                                                      *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ANTOINE CLARK

**DEFENDANTS**

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY (SEPTA)

**(b)** County of Residence of First Listed Plaintiff  PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
KELLER & GOGGIN, P.C.
1528 WALNUT STREET, SUITE 900
PHILADELPHIA, PA 19102 (215) 735-8780

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 400 State Reapportionment |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Product Liability | | | [ ] 410 Antitrust |
| [ ] 140 Negotiable Instrument | Liability | [ ] 367 Health Care/ | | | [ ] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [x] 330 Federal Employers' | Product Liability | | [ ] 830 Patent | [ ] 470 Racketeer Influenced and |
| [ ] 152 Recovery of Defaulted | Liability | [ ] 368 Asbestos Personal | | [ ] 840 Trademark | Corrupt Organizations |
| Student Loans | [ ] 340 Marine | Injury Product | | | [ ] 480 Consumer Credit |
| (Excludes Veterans) | [ ] 345 Marine Product | Liability | | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 720 Labor/Management | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| [ ] 190 Other Contract | Product Liability | [ ] 380 Other Personal | Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Property Damage | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 196 Franchise | Injury | [ ] 385 Property Damage | [ ] 751 Family and Medical | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information |
| | [ ] 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | [ ] 790 Other Labor Litigation | | [ ] 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | [ ] 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | or Defendant) | Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate | | [ ] 871 IRS—Third Party | [ ] 950 Constitutionality of |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 530 General | | | |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 446 Amer. w/Disabilities | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | |
| | Other | [ ] 550 Civil Rights | Actions | | |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FEDERAL EMPLOYER LIABILITY ACT

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
08/08/2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
   United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
   United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
   Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
   Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the six boxes.
   Original Proceedings. (1) Cases which originate in the United States district courts.
   Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
   Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
   Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
   Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
   Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
   Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
   Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTOINE CLARK<br>1859 West Nedro Avenue<br>Philadelphia, PA 19141 | : COURT OF COMMON PLEAS<br>:<br>: PHILADELPHIA COUNTY<br>:<br>:<br>:<br> |
| VS. | :<br>:<br>: TERM, 2013 |
| SOUTHEASTERN PENNSYLVANIA<br>TRANSPORTATION AUTHORITY (SEPTA)<br>1234 Market Street<br>Philadelphia, PA    19107 | :<br>: NO.<br>:<br>: **JURY TRIAL DEMANDED**<br>: |

## COMPLAINT

1.      The Plaintiff herein, Antoine Clark, a citizen and resident of the State of Pennsylvania, residing 1859 West Nedro Avenue, Philadelphia, PA 19141.

2.      The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec. 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act", Title 45, U.S.C.A., Sec. 1-16 inclusive and under "The Federal Boiler Inspection Act", Title 45, U.S.C.A., Sec. 22-34, inclusive.

3.      Defendant, Southeastern Pennsylvania Transportation Authority (hereinafter SEPTA), is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, and which regularly does business in the Eastern District of Pennsylvania.

3.      At the time and place hereinafter mentioned and for a long time prior thereto, defendant, as a common carrier, operated trains carrying passengers, freight, express packages, baggage, and domestic mail, in commerce, between the different states of the United States and its territories.

4.      All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

5.      At the time and place hereinafter mentioned, the acts of omission and commission causing the injuries to the plaintiff, were done by the defendant, its agents, servants and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

6.      At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7.      At all times material hereto Plaintiff was employed by Defendant Southeastern Pennsylvania Transportation Authority.

8.      All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the Defendant, its agents, servants and/or employees.

9.      As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; and has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

10.     The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

11.     On or about October 24, 2009, and for some time prior thereto, Plaintiff was employed by Defendant, SEPTA as a 1st class mechanic and on that date in the performance of his duties he was caused to sustain the serious, permanent and painful personal injuries, more particularly hereinafter described when, performing rail vehicle inspection, Plaintiff was caused to sustain injury due to the negligence and carelessness of the Defendant, by not protecting him from known dangers.   As a result, Plaintiff sustained severe personal injuries hereinafter described.

8.     On or about April 2011 SEPTA presented an agreement to arbitrate, Mr. Clark agreed to arbitrate and signed the agreement on April 29, 2011 therefore tolling the statute of limitations.  SEPTA took almost a year to sign the agreement on March 26, 2012.  The parties agreed that the agreement tolled the statute of limitations.

9.     The arbitration was originally scheduled for November 8, 2012, December 11, 2012, February 8, 2013, March 28, 2013, May 22, 2013 and August 1, 2013.  Each time Defendant sought the continuance which was granted.

10.     On July 31, 2013 SEPTA breached the agreement to arbitrate and informed counsel that they would no longer be agreeable to arbitrate this matter.

11.     The negligence and carelessness of the Defendant consisted of the following, inter alia:

a)     Failing to provide Plaintiff with a safe place to work;

b)     Failing to provide Plaintiff with a working area which was not defective;

c)     Failing to provide Plaintiff with equipment which was not defective;

d)     Failing to warn Plaintiff of the existence of said dangerous condition;

e)     Failing to make the work area reasonable safe for working condition;

f)     Failing to maintain said area in a condition which would protect and safeguard the Plaintiff;

g)     Failing to provide safe methods and procedures;

h)      Failing to correct the dangerous conditions existing thereon;

11.     The aforesaid accident was caused by the negligence of the defendant, its agents, servants and/or employees, and by defendant's violation of "The Federal Employers' Liability Act",  and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

12.     As a result of the aforesaid, Plaintiff suffered severe injury to his shoulder. Plaintiff has been advised that some or all of the above may be permanent in nature.

13.     As a result of the aforesaid, Plaintiff has and may hereafter incur a medically determinable physical or mental impairment which prevents Plaintiff from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities.

14.     As a result of the aforesaid, Plaintiff has and may suffer a severe loss of his earnings and impairment to his earning capacity and power.

15.     As a further result of the negligence of the Defendant, the Plaintiff has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time in the future, all to his great detriment and loss.

16.     As a further result of the aforesaid, Plaintiff has been obliged to expend large sums of money for medicines and medical care and attention in and about an effort to effect a cure of his aforesaid injuries, and he will be obliged to continue to expend large sums of money for the same purposes for an indefinite time in the future, all to his great detriment and loss.

WHEREFORE, Plaintiff, Antoine Clark, claims of the Defendant, a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**KELLER & GOGGIN, P.C.**

By:      /S/James M. Duckworth
         JAMES M. DUCKWORTH, ESQUIRE
         Attorney for Plaintiff

By:      /S/James M. Duckworth
         JAMES M. DUCKWORTH, ESQUIRE
         Attorney for Plaintiff

# VERIFICATION

I, James M. Duckworth, Esquire, have read the foregoing.  The statements herein are correct to the best of my personal knowledge, information and/or belief. This statement and verification is made subject to the penalties or 18 Pa. C.S.A.Sec. 4904 relating to unsworn falsifications to authorities, which provide that if I knowingly make false averments, I may be subject to criminal penalties.

/S/James M. Duckworth
JAMES M. DUCKWORTH,ESQUIRE

DATED:    August 8, 2013

APPENDIX I

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

ANTOINE CLARKE        :        CIVIL ACTION

         v.            :

SOUTHEASTERN PENNSYLVANIA    :        NO.
TRANSPORTATION AUTHORITY (SEPTA) :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.       ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (X)

| August 8, 2013 | James M. Duckworth | Antoine Clarke |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 735-8780 | (215) 735-5126 | Jduckworth@keller-goggin.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02